IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


JAMIE VELAZQUEZ,

    Plaintiff,

vs.                                        Case No. 4:13cv382-MW/CAS

SERGEANT B. GRAHAM,
MRS. K. ROBINSON,
and SPENSER FAISON,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, filed a second amended civil rights complaint, doc. 18, which was reviewed as required by 28 U.S.C. § 1915A and deemed sufficient for service. Summons were returned executed on all three Defendants. Docs. 26-28.

A motion to dismiss was filed by Defendants Graham and Robinson. Doc. 33. Defendants contend in ground one that Plaintiff failed to exhaust administrative remedies as to events associated with the physical assault by Defendant Faison, another inmate, on December 14, 2012. Doc. 33 at 2-6. In ground two, the motion argues that Plaintiff's retaliation claim fails to state a claim upon which relief may be granted. *Id.* at 7-10. Finally, Defendants Graham and Robinson assert as the third

ground for dismissal that Plaintiff's claim against them for threats and using derogatory language is insufficient to state a claim. *Id.* at 11.

Plaintiff was directed to file a reply, doc. 34, and his reply was filed on November 24, 2014, doc. 39. Plaintiff states that he adopts the statement of facts as prepared by Defendants. Doc. 39 at 1. Plaintiff states, however, that he would like to file a "curative pleading" and requests an enlargement of 45 days in which to file the curative pleading. *Id.* at 1-2. Plaintiff indicates that the error he "seeks to correct is properly examined in the Defendants Motion to Dismiss, in the Memorandum of Law Ground 1 . . . ." *Id.* at 2. Plaintiff's argument, however, indicates his belief that if ground one of the motion to dismiss were granted, it "would be dispositive as to the failure to exhaust administrative remedy and the remainder of the claims could not be reached on their merits . . . ." *Id.*

**Exhaustion**

When the Prison Litigation Reform Act was enacted, Congress mandated that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a), *quoted in* doc. 33, at 2. The exhaustion requirement of § 1997e(a) is mandatory, Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998), although it is not jurisdictional. Bryant v. Rich, 530 F.3d 1368, 1374 n.10 (11th Cir.), *cert. denied*, 129 S.Ct. 733 (2008) (citing Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2392, 165 L.Ed.2d 368 (2006)). There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534

U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his grievance all relevant information reasonably available to him" but he cannot be required to name individuals responsible for challenged conduct when he could not yet identify those persons). The Court may not consider the adequacy or futility of administrative remedies, but only the availability of such. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (citing Alexander, 159 F.3d at 1323). Even where an inmate seeks only monetary damages in a civil rights case, he must complete the prison administrative process if it could provide some sort of relief on the complaint although no money could be given administratively. Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001). "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Jones v. Bock, 549 U.S. 199, 204-209, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007)[1].

A prisoner must also comply with the process set forth and established by the grievance procedures. See Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). In other words, not only must a prisoner exhaust a claim under § 1997e(a), the "PLRA

---

[1] The Court further rejected the view of the Sixth Circuit when it concluded that "nothing in the statute [§ 1997e(a)] imposes a 'name all defendants' requirement." Jones v. Bock, 549 U.S. at 217-219, 127 S.Ct. at 922-923 (concluding "that exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances.").

exhaustion requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387 (2006) (concluding that "proper exhaustion" means complying with the specific prison grievance requirements, not judicially imposed requirements). Even if a grievance is initially denied as untimely, a prisoner must appeal the denial of the grievance. See Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999)(noting Georgia's inmate grievance procedures allow "the grievance coordinator to waive the time period for filing a grievance if 'good cause' is shown"); Bryant v. Rich, 530 F.3d at 1373. If one claim is unexhausted, the Court may separate that claim out and proceed on only those claims that have been exhausted. Brown, 212 F.3d at 1206, n.1; Jones, 549 U.S. at 223, 127 S.Ct. at 925 (rejecting a "total exhaustion rule" and requiring dismissal only of those unexhausted "claims," not an entire "action.").

Defendants "bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008) (relying on Jones v. Bock, 549 U.S. 199, 127 S.Ct. at 910, 921, 166 L.Ed.2d 798 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.")). Factual disputes concerning the exhaustion of administrative remedies may be decided by the court sitting as fact-finder, "so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant, 530 F.3d at 1373-74, 1376. When motions to dismiss are based on issues not enumerated under Rule 12(b), then Rule 43(c) governs "which permits courts to hear evidence outside of the record on affidavits submitted by the parties." Bryant, 530 F.3d at 1377, n.16.

**Analysis**

Here, Plaintiff's response to the motion to dismiss indicates Plaintiff's agreement with Defendants' statement of facts.  Doc. 39.  Those facts are that Defendant Robinson had another inmate physically assault Plaintiff on December 14, 2012, and then attempted to cover up the incident.  Doc. 33 at 2.  Plaintiff alleged the attack was orchestrated out of retaliation because Plaintiff had filed grievances.  *Id.*; *see* doc. 18 at 10-11.  Plaintiff claimed that Defendant Robinson did not report the incident nor send Plaintiff to the medical department for treatment.  *Id.* at 11.  He also claimed that Defendant Robinson witnessed Defendant Faison's assault on Plaintiff and did not intervene to stop the attack.  *Id.* at 13.

Defendants assert that "Plaintiff failed to complete the administrative grievance process regarding the alleged incident and immediate aftermath before initiating this 42 U.S.C. § 1983 action."  Doc. 33 at 2, citing to Exhibits A and B.  Defendants request dismissal of "all of Plaintiff's allegations regarding the December 14, 2012, incident and immediate aftermath . . . for Plaintiff's failure to exhaust his administrative remedies."  *Id.*

Within the body of the complaint Plaintiff indicates he did not file a grievance concerning the attack until February 6, 2013.  Doc. 18 at 11.  Plaintiff indicates the informal grievance "was returned to him without response (due to a procedural error" on Plaintiff's behalf).  *Id.*  Accepting those allegations and reviewing them along with Plaintiff's apparent admission that he did not exhaust administrative remedies as to those events requires dismissal of that claim and the claim against Defendant Faison for the assault.  The motion to dismiss should be **Granted** on this issue.

**No. 4:13cv382-MW/CAS**

It is noted that Plaintiff requested leave of court fo file a "curative pleading."  Doc. 39.  In light of Plaintiff's admission that he did not properly exhaust administrative remedies, amendment to the complaint will not cure that deficiency.  A complaint is either exhausted at the time of filing or it is not.  Subsequent exhaustion, if such could be pled, does not cure the deficiency.[2]

Notwithstanding, Plaintiff is not correct that dismissal of that claim requires dismissal of this entire case.  *See* doc. 39 at 2.  The remainder of the claims presented in the complaint may be considered on the merits even though the retaliation claim against Defendant Robinson should be dismissed on exhaustion grounds.

**Additional Argument**

Defendants also argued that Plaintiff did not state a retaliation claim against Defendant Graham upon which relief may be granted.  Doc. 33 at 7.  As noted, a prisoner must allege three elements to present a retaliation claim.  Plaintiff has, however, provided sufficient allegations to state a claim.  Plaintiff alleged that he had been threatened by Defendant Graham for filing grievances.  Doc. 18 at 8.  Plaintiff claimed that Defendant Graham issued him a disciplinary report on or about October 2, 2013, allegedly for disorderly conduct.  *Id.* at 9.  Plaintiff contends the purpose was reprisal because Plaintiff had not stopped writing grievances.  *Id.*  After being released from confinement, Defendant Graham again verbally threatened Plaintiff on November

---

[2] Moreover, as Plaintiff was advised previously, "after a response to the complaint has been filed, no further amendments to the complaint shall be permitted by the Court unless, as required by Rule 15 of the Federal Rules of Civil Procedure, Plaintiff files a separate motion for leave to so amend and provides a copy of the proposed amended complaint."  Doc. 24 at 3 (citing N.D. Fla. Loc. R. 15.1).  Plaintiff has not simultaneously provided a copy of the proposed pleading.

7, 2012, and said "the disciplinary reports were just the beginning." *Id.* at 9-10.  Those allegations demonstrate a a causal relationship, allegations of harm, and threats that would likely deter a prisoner from filing additional grievances.  Plaintiff's complaint sufficiently alleges a First Amendment retaliation claim against Defendant Graham and that part of the motion to dismiss, doc. 33, should be **Denied.**

Defendants contend that Plaintiff's allegations of verbal abuse, on their own, are insufficient to state an Eighth Amendment claim.  Doc. 33 at 11.  Presented as an Eighth Amendment claim, Defendants are correct.  Abusive language is not professional, but it is not unconstitutional under the Eighth Amendment.  "Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983."  Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979) (holding that the sheriff's laughing at inmate and threatening to hang him did not violate the Constitution); *accord* Edwards v. Gilbert, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (noting that verbal taunts, alone, are insufficient to state a constitutional violation); Hernandez v. Florida Dep't of Corrs., 281 F.App'x 862, 866 (11th Cir. June 9, 2008) (holding that plaintiff's allegations of verbal abuse and threats by prison officials did not state a constitutional claim because the defendants never carried out the threats, and "verbal abuse alone is insufficient to state a constitutional claim"); Oltarzewski v. Ruggiero, 830 F.2d 136, 139-40 (9th Cir. 1987); Martin v. Sargent, 780 F.2d 1334, 1339 (8th Cir. 1985)(holding that "[v]erbal threats do not constitute a constitutional violation."); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir.), *cert. denied*, 464 U.S. 998 (1983) (cited in Shiflet v. Cornell, 933 F. Supp. 1549, 1556 (M.D. Fla. 1996) (finding that "verbal harassment . . . is not cognizable under § 1983.")); *see also* Stacey v. Ford, 554 F. Supp. 8, 9 (N.D. Ga.

1982). Because well established law demonstrates this claim is insufficient, the motion to dismiss the Eighth Amendment claim should be **Granted.**

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motion to dismiss, doc. 33, be **GRANTED in part and DISMISSED in part**. Plaintiff's claims against Defendant Robinson concerning the orchestrated attack and subsequent events should be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). In addition, Plaintiff's claim against Defendant Faison should also be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff's Eighth Amendment claims for verbal abuse by Defendants Graham and Robinson should be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2). This case should be **REMANDED** for further proceedings on Plaintiff's remaining claim against Defendant Graham for retaliation under the First Amendment.

**IN CHAMBERS** at Tallahassee, Florida, on November 26, 2014.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.